### LAVINIA EGE ADS. ISAAC N. DOCKERTY.

Where a party has signed a judgment bond, upon which judgment has been entered, it requires more than a doubt raised by uncertain and conflicting evidence, to destroy the security of such judgment, on motion to set it aside by the obligor; its invalidity should be clearly established.

On motion to set aside judgment on bond and warrant of attorney to confess judgment.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the defendant, *E. P. Conkling.*

For the plaintiff, *John T. Bird.*

The opinion of the court was delivered by

SCUDDER, J.   A judgment was entered in this court, October 21st, 1876, on bond and warrant of attorney, duly exe-

cuted by the defendant, Lavinia Ege, to the plaintiff, Isaac N. Dockerty, for $3260, the penalty of said bond.

The defendant now moves to vacate the judgment, because the sum named in the condition of the bond ($1630.18) is more than she owed the plaintiff at the time of its execution, and she supposed, at the time she signed it, that it was a note, and not a bond with warrant of attorney. She professes to be ignorant of the forms of business, though she had been a widow for about sixteen years, in charge of her late husband's farm and property as the executrix of his will and the guardian of their children. She admits that she owed the plaintiff a large sum of money at the time, which she states at $600 or $800, by guess, giving no figures, items or amounts upon which her calculation is made. Her charge is that the plaintiff persuaded her to go to the office of a very respectable attorney, and there, with his knowledge and connivance, she was induced to sign a judgment bond, while too sick to attend to business, for more than twice the amount that she actually owed. She says the paper was not read or explained to her before she signed it; that she could not read it, and was deceived.

The testimony of the attorney who prepared the papers, and the plaintiff, who was present, contradict all these allegations, and they produce the two notes, dated respectively April 1st, 1868, for $650, and April 1st, 1869, for $323.20, and a statement of balance of book account, amounting to $281.19, which several sums, with interest, appear in the figures and calculations made by the attorney at the time of the execution of the bond, showing a total indebtedness exceeding the amount of the condition of the bond. The sum was reduced to meet some disputed credits. There can be no doubt, on the presentation of these proofs, that the sum was named and agreed upon, and the papers prepared in accordance with the views of the parties. Nor does it clearly appear, in the defendant's evidence, that there has been any miscalculation or overcharge in the amount. The charge that the date of the second note, for $323.20, has been altered from April 1st, 1867, to April 1st,

1869, which is supported by the opinion of two expert witnesses, if shown to the satisfaction of the court, will not annul it, when it appears that it was afterwards, at the time of the execution of the bond, shown and admitted to be correct in amount. The defendant, in her testimony, admits that she gave and owed a note of about that amount, while she denies the correctness of the $650 note, which has no appearance of being altered.

The testimony of the statements made by the parties to witnesses, of the estimated amount of the indebtedness at different times, is uncertain in the quality and degree of evidence, and not sufficient to overthrow the express admissions and acts of the parties, when together in the presence of their chosen attorney, for the purpose of ascertaining accurately the amount on a full settlement. After a paper has been duly executed, with all legal formalities, in the presence of an attorney of the court, who testifies that the parties fully understood the transaction, it requires more than mere suspicions and guesses at the amount of indebtedness to overthrow the judgment. As to the degree of evidence required in such cases, this court has said : " If the evidence was more nearly balanced—nay, if it be admitted that the scales were in equipoise—the case would not be altered. It requires more than a doubt to destroy the security of a judgment; its invalidity should be clearly established." *Caldwell* v. *Fifield*, 4 *Zab.* 154.

If this be the rule where creditors are attacking a judgment, *a fortiori* should the defendant be held to clear proof where she charges fraud, and pleads her ignorance and imposition practised upon her, when it is manifest that all the usual caution in preparing such papers was shown.

The defendant has failed to satisfy us in that she was deceived in the execution of the judgment bond, and the motion to vacate the judgment, or any part of it, is refused.